

JUDGE BATTS

'09 CIV 00440



OUTTEN & GOLDEN LLP
Justin M. Swartz (JS 7989)
Linda A. Neilan (LN 4095)
Rachel Bien (RB 6919)
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone: (212) 245-1000

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| **PATRICK deMUNECAS, KEVIN McINTYRE, and CARMEN COSTANZO, on behalf of themselves and all others similarly situated,**<br><br>**Plaintiffs,**<br><br>-against-<br><br>**BOLD FOOD, LLC,**<br><br>**Defendant.** | **CLASS ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

Plaintiffs, Patrick deMunecas, Kevin McIntyre, and Carmen Costanzo, individually and on behalf of all others similarly situated, as class representatives, upon personal knowledge as to themselves and upon information and belief as to other matters, allege as follows:

## NATURE OF THE ACTION

1.　　This lawsuit seeks to recover minimum wages, overtime compensation, and misappropriated tips and mandatory gratuities for Plaintiffs and their similarly situated co-workers – servers, bussers, and other hourly food service workers who have worked at restaurants opened by celebrity chef, Bobby Flay ("Flay").

2.　　Bold Food, LLC ("Bold Food") is a national restaurant organization created when Flay opened Mesa Grill, in New York City in 1991.

3.　　After Mesa Grill opened, Bold Food expanded quickly. In 1993, Flay and Bold Food opened Bolo Restaurant & Bar, also in New York City. In the summer of 2004, Flay and Bold

Food opened Mesa Grill Las Vegas at Caesars Palace in Las Vegas, NV. In the spring of 2005, they opened Bar Americain in New York City and, in the summer of 2006, Bobby Flay Steak at the Borgata Hotel in Atlantic City, NJ. In March 2007, Flay and Bold Food opened Mesa Grill Bahamas.

4.      Flay stars in several television programs, including Boy Meets Grill, Throwdown!, and Iron Chef America, all on the Food Network. He also frequently appears on other television programs, including as a contributor and "resident chef" on CBS's The Early Show. Flay sells a line of "sauces and rubs" and eight cookbooks. He also serves as a celebrity spokesperson for retail giant Kohl's.

5.      Much of Flay's success, and the success of Bold Food, however, has come at the expense of their restaurants' hourly service workers.

6.      Defendant has denied their hourly service workers proper minimum wages, overtime compensation, customer gratuities, and reimbursement for uniform expenses.

7.      Defendant also charges their private party customers a mandatory gratuity in addition to the cost of their food and drinks. They lead their customers into reasonably believing that the mandatory gratuities go to the workers who provide food and drink service. In reality, however, Defendant uses some of the mandatory gratuities to supplement the compensation of non-service employees, including salespeople and cooks. In *Samiento v. World Yacht Inc.,* 883 N.E.2d 990, 10 N.Y.3d 70 (N.Y. 2008), the New York Court of Appeals recently confirmed that this practice violates the New York Labor Law.

8.      Plaintiffs bring this action on behalf of themselves and similarly situated current and former employees of Bold Food restaurants who elect to opt-in to this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), and specifically, the collective action

provision of 29 U.S.C. § 216(b), to remedy violations of the wage-and-hour provisions of the FLSA by Defendant that have deprived Plaintiffs and others similarly situated of their lawfully earned wages.

9.      Plaintiffs also bring this action on behalf of themselves and all similarly situated current and former employees of Bold Food restaurants located in New York pursuant to Federal Rule of Civil Procedure 23 to remedy violations of the New York Labor Law ("NYLL") Article 6, §§ 190 *et seq.*, and Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor regulations.

10.     In addition to violating the wage and hour laws with respect to Plaintiffs and their co-workers, Defendant retaliated against Plaintiff de Munecos by suspending him and not allowing him to work private parties after he questioned Defendant's wage and hour policies, in violation of NYLL Article 7, § 215.

## THE PARTIES

### Plaintiffs

11.     Plaintiff Patrick deMunecas ("deMunecas") is an adult individual who is a resident of Manhattan, New York.

12.     deMunecas was employed by Bold Food and Bar Americain as a server from approximately April 2005 through the present.

13.     deMunecas is a covered employee within the meaning of the FLSA and the NYLL.

14.     Plaintiff Kevin McIntyre ("McIntyre") is an adult individual who is a resident of Sunnyside, New York.

15.     McIntyre has been employed by Bold Food and Bar Americain as a server from approximately March or April 2006 through the present.

16.     McIntyre is a covered employee within the meaning of the FLSA and the NYLL.

17.     Plaintiff Carmen Costanzo ("Costanzo") is a covered employee within the meaning of the FLSA and the NYLL.

18.     Costanzo is an adult individual who is a resident of Sunnyside, New York.

19.     Costanzo has been employed by Bold Food and Bar Americain as a server from approximately February 2006 through the present.

20.     Costanzo is a covered employee within the meaning of the FLSA and the NYLL.

21.     Attached as exhibit A are written consent forms for individual opt-in plaintiffs.

**Defendant**

22.     Upon information and belief, Bold Food operates Bar Americain, Mesa Grill NYC, Mesa Grill Las Vegas, Bolo, and Bobby Flay Steak (collectively "Flay Restaurants").

23.     Upon information and belief, Bold Food is an owner of the Flay Restaurants.

24.     Upon information and belief, Bold Food has the power to change compensation practices at the Flay Restaurants.

25.     Upon information and belief, Flay is an owner of the Flay Restaurants.

26.     Upon information and belief, Flay is an owner of Bold Food.

27.     Upon information and belief, Flay has the power to change compensation practices at the Flay Restaurants.

28.     Upon information and belief, Lawrence Kretchmer ("Kretchmer") is an owner of the Flay Restaurants.

29.     Upon information and belief, Kretchmer is an owner of Bold Food.

30.     Upon information and belief, Kretchmer has the power to change compensation practices at the Flay Restaurants.

4

31.     Bold Food and the Flay Restaurants are part of a single integrated enterprise that jointly employed Plaintiffs and similarly situated employees at all times relevant.

32.     Bold Food is a domestic limited liability company organized and existing under the laws of New York.

33.     Bold Food's principal executive office located in New York, New York.

34.     All of the Flay Restaurants are listed on the Bold Food website, http://boldfood.net.

35.     All of the Flay Restaurants are listed on Flay's website, http://www.bobbyflay.com.

36.     The Bold Food website and the websites for all of the Flay Restaurants (http://www.mesagrill.com; http://www.baramericain.com; http://www.bobbyflaysteak.com) direct individuals seeking customer service to send a letter to Bold Food, P.O. Box 1102, NY, NY 10159.

37.     The Bold Food website and the websites for all of the Flay Restaurants direct individuals seeking employment at one of the Flay Restaurants to email their resumes to employment@boldfood.net.

38.     Upon information and belief, Bold Food promulgates employment policies, including their compensation policies, for the Flay Restaurants.

39.     Bold Food is a covered employer within the meaning of the FLSA and the NYLL and, at all times relevant, employed Plaintiffs and/or jointly employed Plaintiffs and similarly situated employees.

40.     At all times relevant, Bold Food's annual gross volume of sales made or business done was not less than $500,000.

## JURISDICTION AND VENUE

41.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337

and jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §§ 1332 and 1367.

42.    This Court also has jurisdiction over Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

43.    At least one member of the proposed class is a citizen of a state different from that of at least one Defendant.

44.    Plaintiffs' claims involve matters of national or interstate interest.

45.    Citizenship of the members of the proposed class is dispersed among a substantial number of states.

46.    Upon information and belief, greater than two-thirds of the members of the proposed class in the aggregate are not citizens of the same state.

47.    Upon information and belief, at least one Defendant resides in New York.

48.    Upon information and belief, at least one Defendant is subject to personal jurisdiction in New York.

49.    This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

50.    Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

## CLASS ACTION ALLEGATIONS

51.    Plaintiffs bring the Third, Fourth, Fifth, Sixth, and Seventh Causes of Action, NYLL claims, under Rule 23 of the Federal Rules of Civil Procedure, on behalf of themselves and a class of persons consisting of

> all persons who have worked as hourly service workers at Flay
> Restaurants in New York between January 15, 2003 and the date of

6

final judgment in this matter (the "Rule 23 Class").

52.    Excluded from the Rule 23 Class are Defendant, Defendant's legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in Defendant; the Judge(s) to whom this case is assigned and any member of the Judges' immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the Rule 23 Class.

53.    The employees in the Rule 23 Class are so numerous that joinder of all members is impracticable.

54.    Upon information and belief, the size of the Rule 23 Class is at least 100 individuals. Although the precise number of such employees is unknown, the facts on which the calculation of that number depends are presently within the sole control of Defendant.

55.    Defendant has acted or has refused to act on grounds generally applicable to the Rule 23 Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Rule 23 Class as a whole.

56.    Common questions of law and fact exist as to the Rule 23 Class that predominate over any questions only affecting them individually and include, but are not limited to, the following:

   (a) whether Defendant violated NYLL Article 6, §§190 *et seq.,* and Article 19, §§ 650 *et seq.,* and the supporting New York State Department of Labor regulations, 12 N.Y.C.R.R. Part 137, as alleged herein;

   (b) whether Defendant misappropriated tips from Plaintiffs and the Rule 23 Class;

   (c) whether Defendant's tip pooling scheme was created through the mutual agreement of Plaintiffs and the Rule 23 Class;

   (d) whether Defendant made unlawful deductions from the wages of Plaintiffs and the Rule 23 Class by charging Plaintiffs and the Rule 23 Class for uniform-related expenses;

(e) whether Defendant correctly calculated and compensated Plaintiffs and the Rule 23 Class for hours worked in excess of 40 per workweek;

(f) whether Defendant failed to provide Plaintiffs and the Rule 23 Class spread-of-hours compensation as required by the NYLL;

(g) whether Defendant failed to keep true and accurate time and pay records for all hours worked by its employees, and other records required by the NYLL;

(h) whether Defendant failed to comply with the posting and notice requirements of the NYLL;

(i) whether Defendant failed to furnish Plaintiffs and the Rule 23 Class with an accurate statement of wages, hours worked, rates paid, gross wages, and the claimed tip allowance as required by the NYLL;

(j) whether Defendant demanded, handled, pooled, counted, distributed, accepted and/or retained gratuities paid by customers to whom Defendant represented that such gratuities were intended for Plaintiff and the Rule 23 Class and which customers reasonably believed to be gratuities for Plaintiff and the Rule 23 Class;

(k) whether Defendant's policy of failing to pay workers was instituted willfully or with reckless disregard of the law; and

(l) the nature and extent of class-wide injury and the measure of damages for those injuries.

57.    The claims of Plaintiffs are typical of the claims of the Rule 23 Class they seek to represent. Plaintiffs and all the Rule 23 Class members work, or have worked, for Defendant as hourly food service employees at Flay Restaurants. Plaintiffs and the Rule 23 Class members enjoy the same statutory rights under the NYLL to be paid for all hours worked, to be paid overtime wages, and to keep the tips they earn. Plaintiffs and Rule 23 Class members have all sustained similar types of damages as a result of Defendant's failure to comply with the NYLL. Plaintiffs and the Rule 23 Class members have all been injured in that they have been uncompensated or under-compensated due to Defendant's common policies, practices, and patterns of conduct.

58.    Plaintiffs will fairly and adequately represent and protect the interests of the Rule 23

Class members. Plaintiffs has retained counsel competent and experienced in complex class actions and employment litigation. There is no conflict between the Plaintiffs and the Rule 23 Class members.

59.     A class action is superior to other available methods for the fair and efficient adjudication of this litigation. The members of the Rule 23 Class have been damaged and are entitled to recovery as a result of Defendant's violation of the NYLL as well as their common and uniform policies, practices, and procedures. Although the relative damages suffered by individual Rule 23 Class members are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation. Individual Plaintiffss lack the financial resources to conduct a thorough examination of Defendant's timekeeping and compensation practices and to prosecute vigorously a lawsuit against Defendant to recover such damages. In addition, class litigation is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendant's practices.

60.     This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3).

## COLLECTIVE ACTION ALLEGATIONS

61.     Plaintiffs bring the First and Second Causes of Action, FLSA claims, on behalf of themselves and all similarly situated persons who have worked as hourly service workers at Flay Restaurants who elect to opt-in to this action (the "FLSA Collective").

62.     Defendant is liable under the FLSA for, *inter alia*, failing to properly compensate Plaintiffs. Upon information and belief, there are many similarly situated current and former employees of Defendant who have been underpaid in violation of the FLSA and who would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity

to join the present lawsuit. Those similarly situated employees are known to Defendant, are readily identifiable, and can be located through Defendant's records. Notice should be sent to the FLSA Collective pursuant to 29 U.S.C. § 216(b).

## CLASS-WIDE FACTUAL ALLEGATIONS

63.     Plaintiffs and the members of the Rule 23 Class and the FLSA Collective (collectively "Class Members") have been victims of Defendant's common policy and plan that has violated their rights under the FLSA and the NYLL by denying them a proper minimum wage, overtime compensation, tips, and other wages. At all times relevant, Defendant's unlawful policy and pattern or practice has been willful.

64.     As part of their regular business practice, Defendant has intentionally, willfully, and repeatedly harmed Plaintiffs and the Class Members by engaging in a pattern, practice, and/or policy of violating the FLSA and/or the NYLL as described in this Class Action Complaint. This policy and pattern or practice includes, but is not limited to the following:

65.     Defendant denied Plaintiffs and the Class Members tips that they earned.

66.     Defendant redistributed portions of the tips earned by Plaintiffs and the Class Members to employees not entitled to receive tips, including but not limited to managers who had the power to hire and fire.

67.     Defendant failed to pay Plaintiffs and the Class Members time and a half for all hours worked over forty in a work week in violation of the FLSA and the NYLL.

68.     Defendant failed to keep accurate and adequate records of wages paid to Plaintiffs and the Class Members, deductions taken from their wages, allowances or other credits taken by Defendant, gratuities, and hours worked by Plaintiffs and the Class Members as required by the FLSA and the NYLL.

69.    Defendant failed to comply with the posting and/or notice requirements of the FLSA and the NYLL.

70.    Defendant failed to pay Plaintiffs and the Class Members at least at the applicable minimum hourly wage rate and overtime rate under the FLSA and the NYLL for hours worked.

71.    Defendant made unlawful deductions from the wages of Plaintiffs and the Class Members, including but not limited to deductions for uniform-related expenses.

72.    Defendant failed to pay Plaintiffs and Class Members spread of hours compensation that they earned when they worked days of 10 hours or more.

73.    Defendant did not allow Plaintiffs and the Class Members to retain the mandatory gratuities they earned and that Defendant's customers reasonably believed would go to customer service employees, including Plaintiffs and Class Members.

74.    Defendant demanded, collected, received, retained, pooled, handled, counted, and held customer tips that Plaintiffs and the Class Members earned, and redistributed them once each week (the "Tip Pooling Policy").

75.    Defendant unilaterally implemented the Tip Pooling Policy.

76.    The Tip Pooling Policy was not voluntary on the part of Plaintiffs and the Class Members.

77.    The Tip Pooling Policy, *inter alia*, deprived Plaintiffs and the Class Members of the time value of their tips.

78.    Upon information and belief, Defendant's unlawful conduct described in this Complaint has been pursuant to a corporate policy or practice of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

79.    Defendant's unlawful conduct has been widespread, repeated, and consistent.  Upon information and belief, Defendant's policies and practices described in this Class Action Complaint were centrally promulgated and uniform.

80.    Defendant's unlawful conduct, as set forth in this Class Action Complaint, has been intentional, willful, and in bad faith, and has caused significant damages to Plaintiffs and the Class Members.

81.    Defendant's deceptive conduct prevented Plaintiffs and the Class Members from discovering or asserting their claims any earlier than they did.

## PLAINTIFFS' FACTUAL ALLEGATIONS

82.    Consistent with their policies and patterns or practices as described herein, Defendant harmed Plaintiffs individually as follows:

### Patrick deMunecas

83.    Defendant did not pay deMunecas the proper minimum wage or overtime wage for all of the time that he was suffered or permitted to work each workweek.

84.    Defendant did not inform deMunecas of the tipped minimum wage or tip credit provisions of the FLSA or the NYLL.

85.    Defendant did not allow deMunecas to retain all the tips and mandatory gratuities he earned.

86.    Defendant unlawfully demanded, held, retained, or received portions of the tips that deMunecas earned.

87.    Defendant unlawfully redistributed part of deMunecas's tips to employees in positions that do not customarily and regularly receive tips.

12

88.    Defendant imposed upon deMunecas a tip redistribution or sharing scheme to which he never agreed.

89.    Upon information and belief, Defendant did not keep accurate records of wages or tips earned, or of hours worked by deMunecas.

90.    Defendant did not compensate deMunecas for the cleaning, care, and maintenance of the uniforms they required him to wear.

91.    Defendant did not pay deMunecas spread-of-hours pay for shifts he worked of 10 hours or more.

92.    Defendant did not pay deMunecas the required minimum amount of call-in pay for all days on which he reported for duty.

93.    Defendant suspended deMunecas in retaliation for his complaints about their wage and hour policies.

**Kevin McIntyre**

94.    Defendant did not pay McIntyre the proper minimum wage or overtime wage for all of the time that he was suffered or permitted to work each workweek.

95.    Defendant did not inform McIntyre of the tipped minimum wage or tip credit provisions of the FLSA or the NYLL.

96.    Defendant did not allow McIntyre to retain all the tips and mandatory gratuities he earned.

97.    Defendant unlawfully demanded, held, retained, or received portions of the tips that McIntyre earned.

98.    Defendant unlawfully redistributed part of McIntyre's tips to employees in positions that do not customarily and regularly receive tips.

13

99.     Defendant imposed upon McIntyre a tip redistribution or sharing scheme to which he never agreed.

100.    Upon information and belief, Defendant did not keep accurate records of wages or tips earned, or of hours worked by McIntyre.

101.    Defendant did not compensate McIntyre for the cleaning, care, and maintenance of the uniforms they required him to wear.

102.    Defendant did not pay McIntyre spread-of-hours pay for shifts he worked of 10 hours or more.

103.    Defendant did not pay McIntyre the required minimum amount of call-in pay for all days on which he reported for duty.

**Carmen Costanzo**

104.    Defendant did not pay Costanzo the proper minimum wage or overtime wage for all of the time that he was suffered or permitted to work each workweek.

105.    Defendant did not inform Costanzo of the tipped minimum wage or tip credit provisions of the FLSA or the NYLL.

106.    Defendant did not allow Costanzo to retain all the tips and mandatory gratuities he earned.

107.    Defendant unlawfully demanded, held, retained, or received portions of the tips that Costanzo earned.

108.    Defendant unlawfully redistributed part of Costanzo's tips to employees in positions that do not customarily and regularly receive tips.

109.    Defendant imposed upon Costanzo a tip redistribution or sharing scheme to which he never agreed.

110.   Upon information and belief, Defendant did not keep accurate records of wages or tips earned, or of hours worked by Costanzo.

111.   Defendant did not compensate Costanzo for the cleaning, care, and maintenance of the uniforms they required him to wear.

112.   Defendant did not pay Costanzo spread-of-hours pay for shifts he worked of 10 hours or more.

## FIRST CAUSE OF ACTION

### Fair Labor Standards Act – Minimum Wages
### (Brought on behalf of Plaintiffs and the FLSA Collective)

113.   Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

114.   Defendant failed to pay Plaintiffs and the Class Members the minimum wages to which they are entitled under the FLSA.

115.   Defendant has engaged in a widespread pattern, policy, and practice of violating the FLSA, as detailed in this Class Action Complaint.

116.   At all times relevant, Plaintiffs and the Class Members were engaged in commerce and/or the production or sale of goods for commerce within the meaning of 29 U.S.C. §§ 203(e), (m) and 206(a).

117.   At all times relevant, Plaintiffs and the Class Members were or have been employees within the meaning of 29 U.S.C. §§ 203(e), (m) and 206(a).

118.   At all times relevant, Defendant has been an employer engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 203(e) and 206(a).

119.   Defendant was required to pay directly to Plaintiffs and the Class Members the applicable federal minimum wage rate for all hours worked.

120.    Defendant was not eligible to avail themselves of the federal tipped minimum wage rate under the FLSA, 29 U.S.C. § 203(m), and supporting federal regulations, including but not limited to 29 C.F.R. § 531.50 *et seq.*, because Defendant failed to inform Plaintiffs and the Class Members of the provisions of subsection 503(m) of the FLSA, 29 U.S.C. § 203(m) and Defendant did not permit Plaintiffs and the Class Members to retain all tips they received, in violation of the FLSA, 29 U.S.C. § 203(m).

121.    Defendant engaged in unlawful tip pooling practices.

122.    Plaintiffs and the Class Members did not mutually agree to Defendant's tip pooling practices.

123.    Upon information and belief, Defendant unlawfully redistributed portions of the tips received by Plaintiffs and the Class Members to employees in positions that do not customarily and regularly receive tips, in violation of the FLSA, 29 U.S.C. § 203(m) and supporting regulations.

124.    Defendant failed to post and keep posted in a conspicuous place on their premises a notice explaining the FLSA, as prescribed by the Wage and Hour Division of the U.S. Department of Labor, in violation of the FLSA, 29 U.S.C. § 203(m) and supporting federal regulations, including but not limited to 29 C.F.R. § 516.4.

125.    Defendant required Plaintiffs and the Class Members to spend their own money on work-related items, which further reduced their wages below the required minimum wage.

126.    Defendant failed to reimburse Plaintiffs and the Class Members for uniform-related expenses.

127.    As a result of Defendant's violations of the FLSA, Plaintiffs and the Class Members have suffered damages by being denied minimum wages in accordance with the FLSA in

amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216(b).

128.    Defendant's unlawful conduct, as described in this Class Action Complaint, has been willful and intentional.  Defendant was aware or should have been aware that the practices described in this Class Action Complaint were unlawful.  Defendant has not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiffs and the FLSA Collective.

129.    Because Defendant's violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

### SECOND CAUSE OF ACTION
**Fair Labor Standards Act – Overtime Wages**
**(Brought on behalf of Plaintiffs and the FLSA Collective)**

130.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

131.    The overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq.*, and the supporting federal regulations, apply to Defendant and protect Plaintiffs and the Class Members.

132.    Defendant has failed to pay Plaintiffs and the members of the FLSA Collective overtime wages for all hours that they worked in excess of 40 hours in a work week.

133.    As a result of Defendant's unlawful acts, Plaintiffs and the FLSA Collective have been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to the FLSA.

## THIRD CAUSE OF ACTION

### New York Labor Law Article 19 – Unpaid Overtime
### (Brought on behalf of Plaintiffs and the members of the Rule 23 Class)

134.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

135.    The overtime wage provisions of Article 19 of the NYLL and its supporting regulations apply to Defendant and protect Plaintiffs and the Class Members.

136.    Defendant has failed to pay Plaintiffs and the Class Members the overtime wages to which they are entitled under the NYLL and the supporting New York State Department of Labor Regulations.

137.    By Defendant's knowing or intentional failure to pay Plaintiffs and the Class Members overtime wages for hours worked in excess of 40 hours per week, they have willfully violated NYLL Article 19, §§ 650 *et seq*., and the supporting New York State Department of Labor Regulations.

138.    Due to Defendant's violations of the NYLL, Plaintiffs and the Class Members are entitled to recover from Defendant their unpaid overtime wages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

139.    Plaintiffs do not seek liquidated damages under the NYLL.

## FOURTH CAUSE OF ACTION

### New York Labor Law – Tip Misappropriation
### (Brought on behalf of Plaintiffs and the members of the Rule 23 Class)

140.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

141.    At all times relevant, Plaintiffs and the Class Members have been employees within the meaning of NYLL §§ 190 *et seq*., and supporting New York State Department of Labor

18

Regulations.

142.    At all times relevant, Defendant has been an employer within the meaning of NYLL §§ 190, *et seq.*, and supporting New York State Department of Labor Regulations.

143.    The wage payment provisions of Article 6 of the NYLL and the supporting New York State Department of Labor Regulations apply to Defendant and protect the Plaintiffs and Class Members.

144.    Defendant unlawfully demanded or accepted, directly or indirectly, the gratuities received by Plaintiffs and the Class Members in violation of NYLL § 196-d and supporting New York State Department of Labor Regulations.

145.    Defendant unlawfully retained part of Plaintiffs' and the Class Members' gratuities in violation of NYLL § 196-d and supporting New York State Department of Labor Regulations.

146.    Defendant pooled, redistributed and/or shared part of the gratuities received by Plaintiffs and Class Members in violation of NYLL § 196-d and supporting New York State Department of Labor Regulations.

147.    By Defendant's knowing or intentional demand for, acceptance of, and/or retention of part of the gratuities received by Plaintiffs and the Class Members, Defendant has willfully violated NYLL Article 6, § 196-d and the supporting New York State Department of Labor Regulations, including, but not limited to, the regulations in 12 N.Y.C.R.R. § 137-2.5.

148.    Plaintiffs do not seek liquidated damages under the NYLL.

## FIFTH CAUSE OF ACTION

### New York Labor Law - Spread-of-Hours Pay
### (Brought on behalf of Plaintiffs and the members of the Rule 23 Class)

149.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

150.    Defendant has willfully failed to pay Plaintiffs and the Class Members additional compensation of one hour's pay at the basic minimum hourly wage rate for each day during which they worked more than 10 hours.

151.    By Defendant's failure to pay Plaintiffs and the Class Members spread-of-hours pay, Defendant has willfully violated NYLL Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

152.    Plaintiffs do not seek liquidated damages under the NYLL.

## SIXTH CAUSE OF ACTION

### New York Labor Law – Uniform Violations
### (Brought on behalf of Plaintiffs and the members of the Rule 23 Class)

153.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

154.    Defendant failed to pay Plaintiffs and the members of the Rule 23 Class the full amount of their wages as a result of deductions for uniform-related expenses in violation of NYLL Article 6, § 193 and the supporting New York State Department of Labor Regulations.

155.    Defendant failed to reimburse Plaintiffs and the Class Members for the cost of their uniforms they purchased.

156.    Defendant failed to launder or maintain the required uniforms for Plaintiffs and the Class Members and failed to pay them the required amount weekly amount in addition to the required minimum wage

157.    Due to Defendant's violations of the NYLL, Plaintiffs and the Class Members are entitled to recover from Defendant their unpaid wages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

158.    Plaintiffs do not seek liquidated damages under the NYLL.

## SEVENTH CAUSE OF ACTION

### New York Labor Law – Call-In Pay
### (Brought on behalf of Plaintiffs and the members of the Rule 23 Class)

159.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

160.    Defendant failed to pay Plaintiffs and the Class Members the required minimum amount of call-in pay for all days on which they reported for duty.

161.    Due to Defendant's violations of the NYLL, Plaintiffs and the Class Members are entitled to recover from Defendant their unpaid wages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

162.    Plaintiffs do not seek liquidated damages under the NYLL.

## EIGHTH CAUSE OF ACTION

### New York Labor Law – Retaliation
### (Brought on behalf of deMunecas)

163.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

164.    Defendant retaliated against deMunecas by suspending his employment based on his complaints about Defendant's violations of the wage and hour laws.

165.    Plaintiffs' complaints are protected activities under NYLL Article 7, § 215.

166.    A reasonable employee would have found Defendant's retaliatory act described herein to be materially adverse.  The retaliatory act described herein would dissuade a reasonable employee from making or supporting a complaint about wage and hour violations, and was intended to do so.

167.    Defendant retaliated against deMunecas, as alleged herein, in order to harass and intimidate him and to otherwise interfere with his attempts to vindicate his rights under the New

York Labor Law.

168.    By engaging in the retaliatory act alleged herein, Defendant retaliated against deMunecas, discriminated against him, and penalized him in violation of NYLL Article 7, § 215.

169.    deMunecas has suffered damages, including, but not limited to, lost wages as a result of Defendant's retaliation.

170.    deMunecas is entitled to equitable relief, monetary relief, including, but not limited to, compensatory and other damages, reasonable attorneys' fees and costs, punitive damages, and other appropriate relief.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs, individually and on behalf of all other similarly situated persons, seek for the following relief:

A.    That, at the earliest possible time, Plaintiffs be allowed to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have at any time during the three years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of court-supervised notice, been employed by Defendant as hourly food service employees at Flay Restaurants.  Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages;

B.    Unpaid minimum wages, overtime pay, and an additional and equal amount as liquidated damages pursuant to the FLSA and the supporting United States Department of Labor regulations;

C.    Unpaid overtime pay, misappropriated tips, interest, and other unpaid wages pursuant to NYLL Article 6, §§ 190 *et seq.* and Article 19, §§ 650 *et seq.*, and the supporting

New York State Department of Labor regulations (Plaintiffs do not seek liquidated damages under the NYLL on behalf of the Rule 23 Class);

    D.        Lost wages and compensatory and punitive damages for Plaintiff deMunecas pursuant to NYLL Article 7, § 215(2).

    E.        Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

    F.        Designation of Plaintiffs as representatives of the Rule 23 Class, and counsel of record as Class Counsel;

    G.        Issuance of a declaratory judgment that the practices complained of in this Class Action Complaint are unlawful under NYLL Article 6, §§ 190 *et seq.* and NYLL Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor regulations;

    H.        Pre-judgment interest and post-judgment interest;

    I.        An injunction requiring Defendant to pay all statutorily required wages pursuant to the NYLL;

    J.        Reasonable attorneys' fees and costs of the action; and

    K.        Such other relief as this Court shall deem just and proper.

************

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial

by jury on all questions of fact raised by the Complaint.

Dated:        New York, New York
                January 15, 2009

Respectfully submitted,
**OUTTEN & GOLDEN LLP**
By:

_____
Justin M. Swartz (JS 7989)

**OUTTEN & GOLDEN LLP**
Justin M. Swartz (JS 7989)
Linda A. Neilan (LN 4095)
Rachel Bien (RB 6919)
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone:  (212) 245-1000
*Attorneys for Plaintiffs and
the Putative Class*

24

# Exhibit A

REDACTED

I consent to be a party plaintiff in a lawsuit against Bold Food, LLC, Bar Americain, and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b). I hereby designate Outten & Golden LLP to represent me in the above-captioned law suit.

_____
Signature

Patrick James de Muñecas
Full Legal Name (print)

REDACTED

REDACTED

I consent to be a party plaintiff in a lawsuit against Bold Food, LLC, Bar Americain, and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b). I hereby designate Outten & Golden LLP to represent me in the above-captioned law suit.

Signature

Kevin McIntyre
Full Legal Name (print)

REDACTED

I consent to be a party plaintiff in a lawsuit against Bold Food, LLC, Bar Americain, and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b).  I hereby designate Outten & Golden LLP to represent me in the above-captioned law suit.

_____
Signature

CARMEN J. COSTANZO II
_____
Full Legal Name (print)

REDACTED

I consent to be a party plaintiff in a lawsuit against Bold Food, LLC, Bar Americain, and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b).  I hereby designate Outten & Golden LLP to represent me in such law suit.


_Chandra A. Blanco_

Signature

_Chandra A. Blanco_

Full Legal Name (print)

REDACTED

I consent to be a party plaintiff in a lawsuit against Bold Food, LLC, Bar Americain, and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b). I hereby designate Outten & Golden LLP to represent me in such law suit.

Signature

Full Legal Name (print)

MAREN A. Perry

REDACTED