# Exhibit A

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

# If you were employed by Bar Americain, Mesa Grill, or Bolo as a server, runner, busser, or bartender at any time between January 15, 2003 and September 23, 2009, you could receive a payment from a class and collective action settlement.

*A federal court authorized this notice. This is not a solicitation from a lawyer.*

Former employees have sued Bold Food, LLC, KBFK Restaurant Corp., Laurence Kretchmer, and Bobby Flay ("Defendants") claiming that they violated the federal Fair Labor Standards Act and the New York Labor Law at their restaurants Bar Americain, Mesa Grill, and Bolo. The employees sought recovery of, among other things, unpaid overtime wages, unpaid spread-of-hours pay, misappropriated tips and service charges, and unpaid uniform expenses.

- The employees who filed the suit and Defendants have settled. Defendants have agreed to deposit $800,000 into a fund that will be used to pay current and former employees who qualify. Defendants deny any wrongdoing, but have decided to settle the case.

- Based on the formula created in the settlement, you are entitled to receive at least $_____. This amount is based on the number of weeks you worked for Defendants, whether you worked at Bar Americain, Mesa Grill, or Bolo, and whether you submitted an opt in form to join the Fair Labor Standards Act collective.

- The Court has not decided who is right and who is wrong. Your legal rights may be affected, and you have a choice to make now:

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: ||
|---|---|
| **DO NOTHING** | Remain part of the case and receive the payment amount identified above. |
| **EXCLUDE YOURSELF** | Get no payment. This is the only option that allows you to ever be part of any other lawsuit against Defendants about the legal claims in this case. |

1
**QUESTIONS?**
**CONTACT RACHEL BIEN AT OUTTEN & GOLDEN LLP**
**3 PARK AVENUE, 29TH FLOOR, NY, NY 10016**
**WWW.OUTTENGOLDEN.COM**
**(212) 245-1000 OR (877) 468-8836**

| | |
|---|---|
| **OBJECT** | Write to the Court about why you do not like the settlement. |
| **GO TO A HEARING** | Ask to speak in Court about the fairness of the settlement. |

- These rights and options – **and the deadlines to exercise them** – are explained in this notice.

- The Court in charge of this case still has to decide whether to approve the settlement. Payments will be made if the Court approves the settlement and after appeals are resolved.  Please be patient.

# BASIC INFORMATION

### 1. Why did I get this notice?

Defendants' records show that you work or worked for Bar Americain, Mesa Grill, and/or Bolo as a server, runner, busser, or bartender for at least 30 days between January 15, 2003 and September 23, 2009.

The Court sent you this notice because you have a right to know about a proposed settlement of a class and collective action lawsuit, and about all of your options, before the Court decides whether to approve the settlement.  If the Court approves the settlement and after objections and appeals are allowed, payments will be mailed to class members who do not exclude themselves (as explained in Paragraph 12).

The Court overseeing this case is the United States District Court for the Southern District of New York.  The lawsuit is known as *deMunecas v. Bold Food, LLC*, Case No. 09 Civ. 440.  The people who filed the lawsuit are called "Plaintiffs."  Bold Food, LLC, KBFK Restaurant Corp., Laurence Kretchmer, and Bobby Flay are the "Defendants."

### 2. What is this lawsuit about?

The Plaintiffs alleged that the Defendants misappropriated tips and "service charges" that Defendants charged their customers who held private events at Bar Americain, improperly took a tip credit, failed to pay Plaintiffs for all of the hours that they worked, failed to pay a full overtime premium for the hours that they worked over 40 in a workweek, failed to reimburse

them for the purchase and laundering of their uniforms, and failed to pay spread-of-hours pay to employees who worked more than 10 hours in a day.

Defendants deny that they did anything wrong.

**3. Why is this a class action?**

In a class action, one or more people called Class Representatives sue on behalf of people who have the same or similar claims. The people with the same or similar claims are called Class Members. One court resolves the issues for all Class Members, except those who exclude themselves from the Class, as explained in Paragraph 12 below. The Honorable Deborah A. Batts, United States District Judge for the United States District Court for the Southern District of New York, is overseeing this class action.

**4. Why is there a settlement?**

The Court did not decide in favor of Plaintiffs or Defendants. Both sides believe they would have prevailed at trial, but there was no trial. Instead, both sides agreed to a settlement. That way they avoid the cost of a trial, and the people affected will get compensation. The Class Representatives and the attorneys think the settlement is best for all Class Members.

## WHO IS IN THE SETTLEMENT

**5. How do I know if I am part of the settlement?**

You are automatically a member of the Class if you worked at Bar Americain, Mesa Grill, or Bolo as a server, runner, busser, or bartender for at least 30 days at any time between January 15, 2003 and September 23, 2009. Defendants' records indicate that you are part of the Class.

**6. I'm still not sure if I am included.**

If you are still not sure whether you are included, you can call Class Counsel, Outten & Golden LLP, at the phone number(s) or address(es) listed below.

## THE SETTLEMENT BENEFITS – WHAT YOU GET

**7. What does the settlement provide?**

Defendants have agreed to create an $800,000 fund to be divided among Class Members based on the number of weeks they worked for Defendants, the restaurant(s) at which they worked, and whether they submitted an opt in form to join the Fair Labor Standards Act collective.

| **8. How much will my payment be?** |
|---|

Based on the formula in the settlement agreement, you will be entitled to receive at least $ _____.

# HOW YOU GET A PAYMENT

| **9. How can I get my payment?** |
|---|

You do not need to do anything to receive the payment identified in Paragraph 8. If you choose to exclude yourself (as explained in Paragraph 12 below), then you will not receive a payment.

| **10. When will I get my payment?** |
|---|

The Court will hold a fairness hearing on [INSERT DATE], at [INSERT TIME] a.m. to decide whether to approve the settlement. If the Court approves the settlement, then your payment will be mailed to you within 15 days of the Court's approval order unless there is an appeal.

| **11. What am I giving up by staying in the Class?** |
|---|

Unless you exclude yourself (as explained in Paragraph 12 below), you will remain in the Class. That means that you cannot sue, continue to sue, or be party of any other lawsuit against Defendants about the legal issues in this case. It also means that all of the Court's orders will apply to you and legally bind you.

# EXCLUDING YOURSELF FROM THE SETTLEMENT

If you want to keep the right to sue or continue to sue Defendants on your own about the legal issues in this case, then you must exclude yourself from the Class. The process of excluding yourself is also sometimes referred to as "opting out" of the Class.

| **12. How do I opt out of the settlement?** |
|---|

To exclude yourself from the settlement, you must send a letter by U.S. mail saying that you want to be excluded from *deMunecas v. Bold Food, LLC*, Case No. 09 Civ. 440. Be sure to include your name, address, telephone number, and your signature. Your exclusion request must be postmarked no later than **[INSERT DATE 30 DAYS FROM DATE OF MAILING], 2010** and must be mailed to:

Claims Administrator
Settlement Services, Inc.
P.O. Box 431

4

**QUESTIONS?**
**CONTACT RACHEL BIEN AT OUTTEN & GOLDEN LLP**
**3 PARK AVENUE, 29TH FLOOR, NY, NY 10016**
**WWW.OUTTENGOLDEN.COM**
**(212) 245-1000 OR (877) 468-8836**

Tallahassee, FL 32302-0431

If you ask to be excluded, you will not receive a settlement payment, and you cannot object to the settlement. You will not be legally bound by anything that happens in this lawsuit. You may also be able to sue (or continue to sue) Defendants in the future. If you wish to exclude yourself in order to file an individual lawsuit against Defendants, you should speak to a lawyer as soon as possible because your claims are subject to a statute of limitations.

**13. If I don't exclude myself, can I sue Defendants for the same thing later?**

No. Unless you exclude yourself, you give up any rights to sue Defendants for the same claims in this case. If you have a pending lawsuit, speak to your lawyer in that case immediately to see if this settlement will affect your other case. Remember, the exclusion deadline is [INSERT DEADLINE], 2010.

**14. If I exclude myself, can I get money from this settlement?**

No. If you exclude yourself, you will not receive any money from this lawsuit. But, you may sue, continue to sue, or be part of a different lawsuit against Defendants regarding these same claims.

## THE LAWYERS REPRESENTING YOU

**15. Do I have a lawyer in this case?**

The Court decided that the lawyers at the law firm of Outten & Golden LLP are qualified to represent you and all Class Members. These lawyers have been designated as "Class Counsel" in this lawsuit. They are experienced in handling similar cases against other employers. More information about Outten & Golden LLP, their practice, and their lawyers' experience is available at www.outtengolden.com.

**16. How will the lawyers be paid?**

Class Counsel will ask the Court to approve payment of up to $264,000 (33% of the settlement fund established by Defendants) to them for attorneys' fees. The fees would pay Class Counsel for investigating the facts, litigating the case, and negotiating the settlement. Class Counsel will also ask the Court to approve payment of up to $25,000 for their out of pocket costs. In addition, Class Counsel will ask the Court to approve payments to the Class Representatives for their service to the Class in the amount of $5,000 each to Plaintiffs Patrick deMunecas, Kevin McIntyre, Carmen Costanzo, Johan Botma, and Lane Spigner. The Court may award less than these requested amounts. A separate payment in the amount of $15,000 will be made to Plaintiff Patrick deMunecas in settlement of his claims against Defendants for retaliation.

**QUESTIONS?**
**CONTACT RACHEL BIEN AT OUTTEN & GOLDEN LLP**
**3 PARK AVENUE, 29TH FLOOR, NY, NY 10016**
**WWW.OUTTENGOLDEN.COM**
**(212) 245-1000 OR (877) 468-8836**

# OBJECTING TO THE SETTLEMENT

You can tell the Court that you don't agree with the settlement or some part of it.

**17.  How do I tell the Court that I don't like the settlement?**

You can object to the settlement if you don't like any part of it.  You can give reasons why you think the Court should not approve it.  The Court will consider your views.  To object, you must send a letter via U.S. Mail saying that you object to *deMunecas v. Bold Food, LLC*, Case No. 09 Civ. 440.  Be sure to include your name, address, telephone number, your signature, and the reasons why you object to the settlement.  Mail the objection via U.S. Mail to:

Claims Administrator
Settlement Services, Inc.
P.O. Box 431
Tallahassee, FL  32302-0431

Your letter must be postmarked no later than **[INSERT DATE 30 DAYS FROM DATE OF MAILING], 2010**.

**18.  What's the difference between objecting and excluding?**

Objecting is simply telling the Court that you don't like something about the settlement.  You can object only if you remain in the Class.  Excluding yourself is telling the Court that you don't want to be part of the Class.  If you exclude yourself, you have no basis to object because the case no longer affects you.

# THE COURT'S FAIRNESS HEARING

The Court will hold a fairness hearing to decide whether to approve the settlement.  You may attend and you may ask to speak, but you don't have to.

**19.  When and where will the Court decide whether to approve the settlement?**

The Court will hold a fairness hearing at [INSERT TIME] a.m. on [INSERT DATE], 2010, at the United States District Court for the Southern District of New York, 500 Pearl Street, New York, New York, in Courtroom 24B.

At this hearing the Court will consider whether the settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them.  After the hearing, the Court will decide whether to approve the settlement. We do not know how long the Court's decision will take.

6
**QUESTIONS?**
**CONTACT RACHEL BIEN AT OUTTEN & GOLDEN LLP**
**3 PARK AVENUE, 29TH FLOOR, NY, NY 10016**
**WWW.OUTTENGOLDEN.COM**
**(212) 245-1000 OR ( 877) 468-8836**

### 20. Do I have to come to the hearing?

No. Class Counsel will represent you at the hearing. You are welcome to come at your own expense. If you send an objection, you do not have to come to Court. As long as you mailed your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it is not necessary.

### 21. May I speak at the hearing?

You may ask the Court for permission to speak at the Fairness Hearing. To do so, you must send a letter stating, "Notice of Intention to Appear in *deMunecas v. Bold Food, LLC*, Case No. 09 Civ. 440." Be sure to include your name, address, telephone number, and your signature. Your Notice of Intention to Appear must be postmarked no later than [INSERT DATE 30 DAYS FROM DATE OF MAILING], 2010 and be sent to Settlement Services, Inc. at the address in Paragraph 17. You cannot speak at the hearing if you exclude yourself from the settlement.

# GETTING MORE INFORMATION

### 22. Are there more details about the settlement?

You can obtain more information about the settlement or obtain a copy of the settlement agreement by contacting Class Counsel at the address and/or telephone numbers below.

DATED:   January ___, 2010