USDC SDNY
DOCUMENT
ELECTRONICALLY FILE
DOC #: _____
DATE FILED: 03/03/10

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

PATRICK deMUNECAS; KEVIN McINTYRE; CARMEN COSTANZO; JOHAN BOTMA; and LANE SPIGNER, on behalf of themselves and all others similarly situated,

    Plaintiffs,

-against-

BOLD FOOD, LLC; KBFK RESTAURANT CORP.; LAURENCE KRETCHMER; and BOBBY FLAY,

    Defendants.

09 Civ. 00440 (DAB)

### ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT, CONDITIONAL CERTIFICATION OF THE SETTLEMENT CLASS, APPOINTMENT OF OUTTEN & GOLDEN LLP AS CLASS COUNSEL, AND APPROVAL OF PLAINTIFFS' PROPOSED NOTICE OF SETTLEMENT AND CLASS ACTION PROCEDURE

The above-entitled matter came before the Court on Plaintiffs' Motion for Preliminary Approval of Settlement, Conditional Certification of the Settlement Class, Appointment of Outten & Golden LLP ("Outten & Golden") as Class Counsel, and Approval of Plaintiffs' Proposed Notice of Settlement and Class Action Settlement Procedure ("Motion for Preliminary Approval") (Docket No. 44).

**I.  Preliminary Approval of Settlement**

1.  Based upon the Court's review of the Plaintiffs' Memorandum of Law in Support of Plaintiffs' Motion for Preliminary Approval of Settlement, the Declaration of Justin M. Swartz ("Swartz Declaration"), and all other papers submitted in connection with Plaintiffs' Motion for Preliminary Approval, the Court grants preliminary approval of the settlement memorialized in the Joint Settlement and Release ("Settlement Agreement"), attached to the Swartz Declaration

as Exhibit B.

2. The Court concludes that the proposed Settlement Agreement is within the range of possible settlement approval, such that notice to the Class is appropriate. *See In re Traffic Exec. Ass'n*, 627 F.2d 631, 634 (2d Cir. 1980); *Danieli v. IBM*, No. 08 Civ. 3688, 2009 U.S. Dist. LEXIS 106938, at *12-13 (S.D.N.Y. Nov. 16, 2009) (granting preliminary approval where settlement "has no obvious defects" and proposed allocation plan is "rationally related to the relative strengths and weaknesses of the respective claims asserted").

3. The Court finds that the Settlement Agreement is the result of extensive, arm's length negotiations by counsel well-versed in the prosecution of wage and hour class and collective actions.

4. The assistance of an experienced mediator, Ruth D. Raisfeld, reinforces that the Settlement Agreement is non-collusive.

## II. Conditional Certification of the Proposed Rule 23 Settlement Class

5. The Court provisionally certifies the following class under Fed. R. Civ. P. 23(e), for settlement purposes ("Settlement Class"):

> All servers, runners, bussers, and bartenders who work or have worked at Bar Americain, Mesa Grill, and/or Bolo in New York City for 30 days or more between January 15, 2003 and September 23, 2009.

6. Plaintiffs meet all of the requirements for class certification under Fed. R. Civ. P. 23(a) and (b)(3).

7. Plaintiffs satisfy Fed. R. Civ. P. 23(a)(1) because there are approximately 477 Class Members and, thus, joinder is impracticable. *See Consol. Rail Corp. v. Town of Hyde Park*, 47 F.3d 473, 483 (2d Cir. 1995) ("[N]umerosity is presumed at a level of 40 members.")

8. Plaintiffs satisfy Fed. R. Civ. P. 23(a)(2) because Plaintiffs and the class members

share common issues of fact and law, including whether Defendants required Plaintiffs to share their tips with ineligible employees, misappropriated "service charges" that customers believed were meant for Plaintiffs, failed to pay Plaintiffs at the proper overtime and minimum wage rate, required Plaintiffs to pay to purchase and launder uniforms, failed to pay Plaintiffs for hours worked off-the-clock, and failed to pay Plaintiffs spread-of-hours pay and call-in-pay. *See Prasker v. Asia Five Eight LLC*, No. 08 Civ. 5811, 2009 U.S. Dist. LEXIS 88163, at *3-4 (S.D.N.Y. Sept. 22, 2009); *O'Dell v. AMF Bowling Ctrs., Inc.*, No. 09 Civ. 759, 2009 U.S. Dist. LEXIS 85954, at *3-4 (S.D.N.Y. Sept. 18, 2009); *Reyes v. Buddha-Bar NYC*, No. 08 Civ. 2494, 2009 U.S. Dist. LEXIS 45277, at *6 (S.D.N.Y. May 28, 2009); *Mohney v. Shelly's Prime Steak Stone Crab & Oyster Bar*, No. 06 Civ. 4270, 2009 U.S. Dist. LEXIS 27899, at *10-11 (S.D.N.Y. Mar. 31, 2009).

9. Plaintiffs satisfy Fed. R. Civ. P. 23(a)(3) because Plaintiffs' claims arise from the same factual and legal circumstances that form the bases of the class members' claims. *See Asia Five Eight LLC*, 2009 U.S. Dist. LEXIS 88163, at *4; *AMF Bowling Ctrs., Inc.*, 2009 U.S. Dist. LEXIS 85954, at *4-5; *Buddha-Bar NYC*, 2009 U.S. Dist. LEXIS 45277, at *6; *Mohney*, 2009 U.S. Dist. LEXIS 27899, at *10-11.

10. Plaintiffs satisfy Fed. R. Civ. P. 23(a)(4) because Plaintiffs' interests are not antagonistic or at odds with class members, *see Toure v. Cent. Parking Sys.*, No. 05 Civ. 5237, 2007 U.S. Dist. LEXIS 74056, at *18-19 (S.D.N.Y. Sept. 28, 2007), and because Plaintiffs' counsel "have an established record of competent and successful prosecution of large wage and hour class actions, and the attorneys working on the case are likewise competent and experienced in the area." *See Damassia v. Duane Reade, Inc.*, 250 F.R.D. 152, 158 (S.D.N.Y. 2008).

11. Plaintiffs also satisfy Rule 23(b)(3). Common factual allegations and a common

legal theory predominate over any factual or legal variations among class members. *See Asia Five Eight LLC*, 2009 U.S. Dist. LEXIS 88163, at *4-5; *AMF Bowling Ctrs., Inc.*, 2009 U.S. Dist. LEXIS 85954, at *5; *Buddha-Bar NYC*, 2009 U.S. Dist. LEXIS 45277, at *7-8; *Mohney*, 2009 U.S. Dist. LEXIS 27899, at *12. Class adjudication of this case is superior to individual adjudication because it will conserve judicial resources and is more efficient for class members, particularly those who lack the resources to bring their claims individually. *See Damassia*, 250 F.R.D. at 161, 164.

### III. Appointment of Plaintiffs' Counsel as Class Counsel

12. The Court appoints Outten & Golden as Class Counsel because they meet all of the requirements of Fed. R. Civ. P. 23(g). *See Damassia*, 250 F.R.D. at 165 (Rule 23(g) requires the court to consider "the work counsel has done in identifying or investigating potential claims in the action, . . . counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in the action, . . . counsel's knowledge of the applicable law, and . . . the resources counsel will commit to representing the class") (internal quotation marks omitted).

13. Outten & Golden did substantial work identifying, investigating, and settling Plaintiffs' and the class members' claims.

14. Outten & Golden lawyers have substantial experience prosecuting and settling employment class actions, including wage and hour class actions, and are well-versed in wage and hour law and in class action law. *See, e.g.*, *Westerfield v. Wash. Mut. Bank*, No. 08 Civ. 00287, 2009 U.S. Dist. LEXIS 54553, at *9-10 (S.D.N.Y. June 26, 2009) ("O&G lawyers have substantial experience prosecuting and settling employment class actions, including wage and hour class actions and are well-versed in wage and hour law and class action law"). Courts have repeatedly found O&G to be adequate class counsel in employment law class actions.[1]

15. The work that Outten & Golden has performed both in litigating and settling this case demonstrates their commitment to the class and to representing the class's interests.

## IV. Class Notice

16. The Court approves the Proposed Notice of Settlement of Class Action Lawsuit and Fairness Hearing ("Notice"), which is attached as Exhibit A to Plaintiffs' Motion for Preliminary Approval, and directs its distribution to the Class.

17. The content of the Notice fully complies with due process and Fed. R. Civ. P. 23.

---

[1] *See Danieli v. IBM*, 2009 U.S. Dist. LEXIS 106938, at *9-10; *Prasker v. Asia Five Eight LLCI*, No. 08 Civ. 5811, 2009 U.S. Dist. LEXIS 88163, at *5-6 (S.D.N.Y. Sept. 22, 2009); *O'Dell v. AMF Bowling Ctrs., Inc.*, No. 09 Civ. 759, 2009 U.S. Dist. LEXIS 85954, at *5-6 (S.D.N.Y. Sept. 18, 2009); *Reyes v. Buddha-Bar NYC*, No. 08 Civ. 2494 (DF), 2009 U.S. Dist. LEXIS 45277, at *10-11 (S.D.N.Y. May 28, 2009); *Mohney v. Shelly's Prime Steak Stone Crab & Oyster Bar*, No. 06 Civ. 4270, 2009 U.S. Dist. LEXIS 27899, at *14-16 (S.D.N.Y. Mar. 31, 2009); *Gilliam v. Addicts Rehab. Ctr. Fund*, No. 05 Civ. 3452, 2008 U.S. Dist. LEXIS 23016, at *6 (S.D.N.Y. Mar. 24, 2008); *Stefaniak v. HSBC Bank USA, N.A.*, No.1:05-CV-720 S, 2008 U.S. Dist. LEXIS 53872, at *8 (W.D.N.Y. June 28, 2008); *Torres*, 2006 U.S. Dist. LEXIS 74039, at *49; *Rosenburg v. I.B.M.*, No. CV 06-00430, 2007 U.S. Dist. LEXIS 53138, at *5-6 (N.D. Cal. July 12, 2007); *Ansoumana v. Gristede's Operating Corp.*, 201 F.R.D. 81, 87 (S.D.N.Y. 2001). Courts have also recognized O&G's experience in other areas of employment law. *See, e.g., Jaffe v. Morgan Stanley & Co.*, No. C 06-3903, 2008 U.S. Dist. LEXIS 12208, at *23 (N.D. Cal. Feb. 7, 2008) (employment discrimination class actions); *Amochaev v. Citigroup Global Markets, Inc.*, No. C-05-1298, 2007 U.S. Dist. LEXIS 13154, at *6 (N.D. Cal. May 1, 2008)(employment discrimination).

18. Pursuant to Fed. R. Civ. P. 23(c)(2)(B), a notice must provide:

> the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. The notice must concisely and clearly state in plain, easily understood language: the nature of the action; the definition of the class certified; the class claims, issues, or defenses; that a class member may enter an appearance through counsel if the member so desires; that the court will exclude from the class any member who requests exclusion, stating when and how members may elect to be excluded; and the binding effect of a class judgment on class members under Rule 23(c)(3).

Fed. R. Civ. P. 23(c)(2)(B).

19. The Notice satisfies each of these requirements and adequately puts class members on notice of the proposed settlement. *See, e.g., In re Michael Milken & Assocs. Sec. Litig.*, 150 F.R.D. 57, 60 (S.D.N.Y. 1993) (class notice "need only describe the terms of the settlement generally").

20. The Notice describes the terms of the settlement, informs the class about the allocation of attorneys' fees, and provides specific information regarding the date, time, and place of the final approval hearing.

## V. Class Action Settlement Procedure

21. The Court hereby sets the following settlement procedure:

   a. Within 21 days of the retention of a Settlement Administrator, Defendants shall provide the Settlement Administrator with a list, in electronic form, of the names, last known addresses, telephone numbers, dates of employment, and social security numbers of all class members (the "Class List");

   b. The Settlement Administrator shall mail the Notice to Class Members within 21 days of the date of this Order;

   c. Class Members will have 30 days from the date the Notice is mailed to opt out of the settlement or object to it ("Notice Period");

    d.    Plaintiffs will file a Motion for Final Approval of Settlement within 15 days before the fairness haring;

    e.    The Court will hold a final fairness hearing on **June 22, 2010** at **2:30 p.**m. at the United States District Court for the Southern District of New York, 500 Pearl Street, New York, New York, Courtroom 24B;

    f.    If the Court grants Plaintiffs' Motion for Final Approval of the Settlement, the Court will issue a Final Order and Judgment. If no party appeals the Court's Final Order and Judgment, the "Effective Date" of the settlement will be 30 days after the Court enters its Final Order and Judgment;

    g.    If rehearing, reconsideration or appellate review is sought, the "Effective Date" shall be after any and all avenues of rehearing, reconsideration or appellate review have been exhausted and no further rehearing, reconsideration or appellate review is permitted, and the time for seeking such review has expired;

    h.    Defendants will disburse settlement checks to the Class Members, Class Counsel's attorneys' fees and expenses to Class Counsel, the Service Awards to Named Plaintiffs, and the Settlement Administrator's fee within 15 days of the Effective Date; and

    i.    The parties shall abide by all other terms of the Settlement Agreement.

It is so ORDERED this **3rd** day of **March**, 2010.

*Deborah A. Batts*

Honorable Deborah A. Batts
United States District Judge

# Exhibit A

*DAB*

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

# If you were employed by Bar Americain, Mesa Grill, or Bolo as a server, runner, busser, or bartender at any time between January 15, 2003 and September 23, 2009, you could receive a payment from a class and collective action settlement.

*A federal court authorized this notice. This is not a solicitation from a lawyer.*

Former employees have sued Bold Food, LLC, KBFK Restaurant Corp., Laurence Kretchmer, and Bobby Flay ("Defendants") claiming that they violated the federal Fair Labor Standards Act and the New York Labor Law at their restaurants Bar Americain, Mesa Grill, and Bolo. The employees sought recovery of, among other things, unpaid overtime wages, unpaid spread-of-hours pay, misappropriated tips and service charges, and unpaid uniform expenses.

- The employees who filed the suit and Defendants have settled. Defendants have agreed to deposit $800,000 into a fund that will be used to pay current and former employees who qualify. Defendants deny any wrongdoing, but have decided to settle the case.

- Based on the formula created in the settlement, you are entitled to receive at least $_____. This amount is based on the number of weeks you worked for Defendants, whether you worked at Bar Americain, Mesa Grill, or Bolo, and whether you submitted an opt in form to join the Fair Labor Standards Act collective.

- The Court has not decided who is right and who is wrong. Your legal rights may be affected, and you have a choice to make now:

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| **DO NOTHING** | Remain part of the case and receive the payment amount identified above. |
| **EXCLUDE YOURSELF** | Get no payment. This is the only option that allows you to ever be part of any other lawsuit against Defendants about the legal claims in this case. |

1

QUESTIONS?
CONTACT RACHEL BIEN AT OUTTEN & GOLDEN LLP
3 PARK AVENUE, 29TH FLOOR, NY, NY 10016
WWW.OUTTENGOLDEN.COM
(212) 245-1000 OR (877) 468-8836

| | |
|---|---|
| **OBJECT** | Write to the Court about why you do not like the settlement. |
| **GO TO A HEARING** | Ask to speak in Court about the fairness of the settlement. |

- These rights and options – **and the deadlines to exercise them** – are explained in this notice.

- The Court in charge of this case still has to decide whether to approve the settlement. Payments will be made if the Court approves the settlement and after appeals are resolved. Please be patient.

## BASIC INFORMATION

### 1. Why did I get this notice?

Defendants' records show that you work or worked for Bar Americain, Mesa Grill, and/or Bolo as a server, runner, busser, or bartender for at least 30 days between January 15, 2003 and September 23, 2009.

The Court sent you this notice because you have a right to know about a proposed settlement of a class and collective action lawsuit, and about all of your options, before the Court decides whether to approve the settlement. If the Court approves the settlement and after objections and appeals are allowed, payments will be mailed to class members who do not exclude themselves (as explained in Paragraph 12).

The Court overseeing this case is the United States District Court for the Southern District of New York. The lawsuit is known as *deMunecas v. Bold Food, LLC*, Case No. 09 Civ. 440. The people who filed the lawsuit are called "Plaintiffs." Bold Food, LLC, KBFK Restaurant Corp., Laurence Kretchmer, and Bobby Flay are the "Defendants."

### 2. What is this lawsuit about?

The Plaintiffs alleged that the Defendants misappropriated tips and "service charges" that Defendants charged their customers who held private events at Bar Americain, improperly took a tip credit, failed to pay Plaintiffs for all of the hours that they worked, failed to pay a full overtime premium for the hours that they worked over 40 in a workweek, failed to reimburse

2
QUESTIONS?
CONTACT RACHEL BIEN AT OUTTEN & GOLDEN LLP
3 PARK AVENUE, 29TH FLOOR, NY, NY 10016
WWW.OUTTENGOLDEN.COM
(212) 245-1000 OR (877) 468-8836

them for the purchase and laundering of their uniforms, and failed to pay spread-of-hours pay to employees who worked more than 10 hours in a day.

Defendants deny that they did anything wrong.

### 3. Why is this a class action?

In a class action, one or more people called Class Representatives sue on behalf of people who have the same or similar claims. The people with the same or similar claims are called Class Members. One court resolves the issues for all Class Members, except those who exclude themselves from the Class, as explained in Paragraph 12 below. The Honorable Deborah A. Batts, United States District Judge for the United States District Court for the Southern District of New York, is overseeing this class action.

### 4. Why is there a settlement?

The Court did not decide in favor of Plaintiffs or Defendants. Both sides believe they would have prevailed at trial, but there was no trial. Instead, both sides agreed to a settlement. That way they avoid the cost of a trial, and the people affected will get compensation. The Class Representatives and the attorneys think the settlement is best for all Class Members.

## WHO IS IN THE SETTLEMENT

### 5. How do I know if I am part of the settlement?

You are automatically a member of the Class if you worked at Bar Americain, Mesa Grill, or Bolo as a server, runner, busser, or bartender for at least 30 days at any time between January 15, 2003 and September 23, 2009. Defendants' records indicate that you are part of the Class.

### 6. I'm still not sure if I am included.

If you are still not sure whether you are included, you can call Class Counsel, Outten & Golden LLP, at the phone number(s) or address(es) listed below.

## THE SETTLEMENT BENEFITS – WHAT YOU GET

### 7. What does the settlement provide?

Defendants have agreed to create an $800,000 fund to be divided among Class Members based on the number of weeks they worked for Defendants, the restaurant(s) at which they worked, and whether they submitted an opt in form to join the Fair Labor Standards Act collective.

3

QUESTIONS?
CONTACT RACHEL BIEN AT OUTTEN & GOLDEN LLP
3 PARK AVENUE, 29TH FLOOR, NY, NY 10016
WWW.OUTTENGOLDEN.COM
(212) 245-1000 OR (877) 468-8836

### 8. How much will my payment be?

Based on the formula in the settlement agreement, you will be entitled to receive at least $ _____.

## HOW YOU GET A PAYMENT

### 9. How can I get my payment?

You do not need to do anything to receive the payment identified in Paragraph 8. If you choose to exclude yourself (as explained in Paragraph 12 below), then you will not receive a payment.

### 10. When will I get my payment?

The Court will hold a fairness hearing on [INSERT DATE], at [INSERT TIME] a.m. to decide whether to approve the settlement. If the Court approves the settlement, then your payment will be mailed to you within 15 days of the Court's approval order unless there is an appeal.

### 11. What am I giving up by staying in the Class?

Unless you exclude yourself (as explained in Paragraph 12 below), you will remain in the Class. That means that you cannot sue, continue to sue, or be party of any other lawsuit against Defendants about the legal issues in this case. It also means that all of the Court's orders will apply to you and legally bind you.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you want to keep the right to sue or continue to sue Defendants on your own about the legal issues in this case, then you must exclude yourself from the Class. The process of excluding yourself is also sometimes referred to as "opting out" of the Class.

### 12. How do I opt out of the settlement?

To exclude yourself from the settlement, you must send a letter by U.S. mail saying that you want to be excluded from *deMunecas v. Bold Food, LLC*, Case No. 09 Civ. 440. Be sure to include your name, address, telephone number, and your signature. Your exclusion request must be postmarked no later than **[INSERT DATE 30 DAYS FROM DATE OF MAILING], 2010** and must be mailed to:

Claims Administrator
Settlement Services, Inc.
P.O. Box 431

4

QUESTIONS?
CONTACT RACHEL BIEN AT OUTTEN & GOLDEN LLP
3 PARK AVENUE, 29TH FLOOR, NY, NY 10016
WWW.OUTTENGOLDEN.COM
(212) 245-1000 OR (877) 468-8836

Tallahassee, FL 32302-0431

If you ask to be excluded, you will not receive a settlement payment, and you cannot object to the settlement. You will not be legally bound by anything that happens in this lawsuit. You may also be able to sue (or continue to sue) Defendants in the future. If you wish to exclude yourself in order to file an individual lawsuit against Defendants, you should speak to a lawyer as soon as possible because your claims are subject to a statute of limitations.

### 13. If I don't exclude myself, can I sue Defendants for the same thing later?

No. Unless you exclude yourself, you give up any rights to sue Defendants for the same claims in this case. If you have a pending lawsuit, speak to your lawyer in that case immediately to see if this settlement will affect your other case. Remember, the exclusion deadline is [INSERT DEADLINE], 2010.

### 14. If I exclude myself, can I get money from this settlement?

No. If you exclude yourself, you will not receive any money from this lawsuit. But, you may sue, continue to sue, or be part of a different lawsuit against Defendants regarding these same claims.

## THE LAWYERS REPRESENTING YOU

### 15. Do I have a lawyer in this case?

The Court decided that the lawyers at the law firm of Outten & Golden LLP are qualified to represent you and all Class Members. These lawyers have been designated as "Class Counsel" in this lawsuit. They are experienced in handling similar cases against other employers. More information about Outten & Golden LLP, their practice, and their lawyers' experience is available at www.outtengolden.com.

### 16. How will the lawyers be paid?

Class Counsel will ask the Court to approve payment of up to $264,000 (33% of the settlement fund established by Defendants) to them for attorneys' fees. The fees would pay Class Counsel for investigating the facts, litigating the case, and negotiating the settlement. Class Counsel will also ask the Court to approve payment of up to $25,000 for their out of pocket costs. In addition, Class Counsel will ask the Court to approve payments to the Class Representatives for their service to the Class in the amount of $5,000 each to Plaintiffs Patrick deMunecas, Kevin McIntyre, Carmen Costanzo, Johan Botma, and Lane Spigner. The Court may award less than these requested amounts. A separate payment in the amount of $15,000 will be made to Plaintiff Patrick deMunecas in settlement of his claims against Defendants for retaliation.

# OBJECTING TO THE SETTLEMENT

You can tell the Court that you don't agree with the settlement or some part of it.

### 17. How do I tell the Court that I don't like the settlement?

You can object to the settlement if you don't like any part of it. You can give reasons why you think the Court should not approve it. The Court will consider your views. To object, you must send a letter via U.S. Mail saying that you object to *deMunecas v. Bold Food, LLC*, Case No. 09 Civ. 440. Be sure to include your name, address, telephone number, your signature, and the reasons why you object to the settlement. Mail the objection via U.S. Mail to:

Claims Administrator
Settlement Services, Inc.
P.O. Box 431
Tallahassee, FL 32302-0431

Your letter must be postmarked no later than **[INSERT DATE 30 DAYS FROM DATE OF MAILING], 2010**.

**Please do not contact the Court directly for any reason.**

### 18. What's the difference between objecting and excluding?

Objecting is simply telling the Court that you don't like something about the settlement. You can object only if you remain in the Class. Excluding yourself is telling the Court that you don't want to be part of the Class. If you exclude yourself, you have no basis to object because the case no longer affects you.

# THE COURT'S FAIRNESS HEARING

The Court will hold a fairness hearing to decide whether to approve the settlement. You may attend, but you don't have to. If you wish to bring anything to the Court's attention about the settlement, you should provide it in writing to the Claims Administrator according to paragraph 17 above, who will provide your letter to the Court before the fairness hearing.

### 19. When and where will the Court decide whether to approve the settlement?

The Court will hold a fairness hearing at [INSERT TIME] a.m. on [INSERT DATE], 2010, at the United States District Court for the Southern District of New York, 500 Pearl Street, New York, New York, in Courtroom 24B.

At this hearing the Court will consider whether the settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. After the hearing, the Court will decide whether to approve the settlement. We do not know how long the Court's decision will take.

### 20. Do I have to come to the hearing?

No. Class Counsel will represent you at the hearing. You are welcome to come at your own expense. If you send an objection, you do not have to come to Court. As long as you mailed your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it is not necessary.

### 21. May I speak at the hearing?

You may ask the Court for permission to speak at the Fairness Hearing. To do so, you must send a letter stating, "Notice of Intention to Appear in *deMunecas v. Bold Food, LLC*, Case No. 09 Civ. 440." Be sure to include your name, address, telephone number, and your signature. Your Notice of Intention to Appear must be postmarked no later than [INSERT DATE 30 DAYS FROM DATE OF MAILING], 2010 and be sent to Settlement Services, Inc. at the address in Paragraph 17. You cannot speak at the hearing if you exclude yourself from the settlement.

## GETTING MORE INFORMATION

### 22. Are there more details about the settlement?

You can obtain more information about the settlement or obtain a copy of the settlement agreement by contacting Class Counsel at the address and/or telephone numbers below.

DATED: _____, 2010